Bauman v Mount Sinai Hosp. (2020 NY Slip Op 01964)





Bauman v Mount Sinai Hosp.


2020 NY Slip Op 01964


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11290 102293/08

[*1]Jay Mitchell Bauman, M.D., Plaintiff-Appellant,
v
The Mount Sinai Hospital, et al., Defendants-Respondents.


Tuckner, Sipser, Weinstock & Sipser, LLP, New York (William J. Sipser of counsel), for appellant.
Akerman LLP, New York (Rory J. McEvoy of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered April 17, 2019, which granted defendants' motion for summary judgment dismissing the complaint alleging violations of the New York City Human Rights Law, unanimously affirmed, without costs.
Defendants proffered legitimate, nondiscriminatory reasons for temporarily suspending plaintiff in 2005 for allegedly administering a pill to his patients that induces labor, at his office and without his patients' knowledge, requiring him to enter into an interim agreement that partially restored his hospital privileges pending investigation, and ultimately terminating his position for violating the interim agreement (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). Plaintiff failed to raise an issue of fact as to whether defendants' explanations were pretextual (see id.) or whether discrimination was one of a number of motives for their decisions (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40-41 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
There is no evidence in the record supporting plaintiff's contention that defendants' employment decisions were motivated by animus toward his Orthodox Jewish faith. Nor is there evidence tending to establish a nexus between any alleged discriminatory behavior toward plaintiff's patients by nurses and another physician and the employment decisions underlying plaintiff's claim (see Godbolt v Verizon N.Y. Inc., 115 AD3d 493 [1st Dept 2014], lv denied 24 NY3d 901 [2014]). The employment decisions followed a 10 year history of warnings, monitoring and interim suspensions regarding plaintiff's practices in caring for his patients admitted to the hospital. Some of the prior complaints concerned claims that plaintiff was admitting more patients to the hospital for labor and delivery than he could personally handle and that he did not provide for adequate cover by other physicians. After investigation, although the hospital could not determine whether plaintiff induced labor without his patients' consent, it did conclude that he was overworked and did not have adequate support. This history well preceded his complaints of discrimination against his patients.
Plaintiff's reliance on the temporal proximity of his internal complaints and the adverse employment actions to raise an issue of fact as to retaliation is insufficient, especially since he was engaging in similar conduct that prompted numerous disciplinary measures in the 10 years [*2]preceding the 2005 allegations (see Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 206-207 [1st Dept 2015]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK